# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
3/24/2023 2:48 PM
By: Terri Chavez , Deputy

ADAMS LAW
CHRISTINE M. ADAMS (#200395)
351 PASEO NUEVO, FLOOR 2
SANTA BARBARA, CALIFORNIA 93101
TELEPHONE: (805) 845-9630
FACSIMILE:  (805) 845-9634

ATTORNEYS FOR PLAINTIFF, ANDREA FAJARDO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| ANDREA FAJARDO, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>VS.<br><br>TESLA INC, A DELAWARE CORPORATION; AND DOES 1-10, INCLUSIVE,<br><br>DEFENDANTS. | Case No. 23CV01245<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. PREGNANCY DISCRIMINATION<br>2. SEX DISCRIMINATION<br>3. RETALIATION IN VIOLATION OF FEHA<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>6. BREACH OF THE IMPLIED COVENNANT OF GOOD FAITH AND FAIR DEALING<br>7. FAILURE TO PREVENT VIOLATION OF FEHA<br>8. UNFAIR BUSINESS PRACTICES<br>9. WRONGFUL TERMINATION |

PLAINTIFF ANDREA FAJARDO ("PLAINTIFF") complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Venue is proper in this judicial district pursuant to California Code of Civil Procedure section 12965(b), because the unlawful acts PLAINTIFF alleges herein were committed in the County of Santa Barbara in the State of California.

2. At all times herein mentioned, PLAINTIFF is and was a resident of the County of Ventura in the State of California and an employee of DEFENDANT TESLA INC.

3. PLAINTIFF is informed and believes, and based upon this information and belief alleges, that at all times herein mentioned, Defendant TESLA INC. is and was a Delaware corporation. PLAINTIFF's paystubs, however, list TESLA INC.'s address in Draper, Utah. TESLA was founded in San Carlos, California.

4. PLAINTIFF is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 10, inclusive, and so PLAINTIFF sues them by those fictitious names. PLAINTIFF is informed and believes that each of the DOE defendants conducted business in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, PLAINTIFF will amend this Complaint to show their true names and capacities.

5. Unless otherwise alleged in this Complaint, PLAINTIFF is informed and believes, and on the basis of this information and belief alleges, that at all times herein mentioned, each of the defendants and co-defendants, in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/her/its co-defendants. All defendants, named or otherwise, are referred to herein collectively as "Defendants".

## FACTUAL ALLEGATIONS

6. DEFENDANT TESLA INC. employs nearly 50,000 employees in California and approximately 20 at its Santa Barbara location.

7. PLAINTIFF began her career in sales with DEFENDANT TESLA INC in October 2016 and last earned $21.00 per hour. Her job duties included physically interacting with walk-in customers, current Tesla owners and others, engaging and educating them about TESLA's vehicles and product offerings. She also telephoned, emailed and/or exchanged text messages with those same individuals, as requested or preferred. She collected contact information and scheduled test drives for individuals who exhibited purchase intent or potential.

8. DEFENDANT TESLA INC. employed PLAINTIFF from October 31, 2016 through August 4, 2021, at its Santa Barbara showroom located at 400 Hitchcock Way, Santa Barbara, CA 93105.

9. In late July 2021, Plaintiff's father, tested positive for COVID-19. Despite that she exhibited no symptoms, DEFENDANT TESLA INC. required PLAINTIFF to remain off work for a fourteen (14) day period of quarantine and test weekly. PLAINTIFF did so and both tests were negative.

10. Following her second negative result for COVID-19, PLAINTIFF coordinated her return to work with DEFENDANTS TESLA INC.'s Santa Barbara Sales Manager, Kerry Fries. Upon her return to work, PLAINTIFF and Mr. Fries discussed her time off and schedule. PLAINTIFF confirmed to Mr. Fries that despite her two negative COVID-19 tests, one test came out positive while she was off work, a pregnancy test.

11. Two days after informing DEFENDANT TESLA INC. of her pregnancy, PLAINTIFF was terminated.

12. At no point did PLAINTIFF, employed by TESLA INC for over five (5) years, give DEFENDANT TESLA INC any cause or reason to terminate her employment. DEFENDANT TESLA INC attributed PLAINTIFF's termination to her deficient sales numbers, but that reason was false when given and/or represented an employment policy that was not imposed against PLAINTIFF's male counterparts.

13. Plaintiff exhausted her administrative remedies and received a Right-to-Sue notice from the Department of Fair Employment & Housing. A copy was served on DEFENDANT TESLA INC., satisfying all prerequisites to pursuing this civil claim.

**FIRST CAUSE OF ACTION**
**PREGNANCY DISCRIMINATION**
**(AS AGAINST ALL DEFENDANTS and DOES 1-10, INCLUSIVE)**

14. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

16. At all times relevant to this Complaint, the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on Defendants.

17. California Government Code Sections 12940 and 12945 prohibit employment discrimination on the basis of an employee's pregnancy. Defendants knew of PLAINTIFF's pregnancy and violated California Government section 12940, *et seq.*, by discriminating against PLAINTIFF on the basis of her pregnancy.

18. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, PLAINTIFF has suffered severe emotional distress, medical expenses, and substantial losses in salary and benefits which PLAINTIFF would have received from Defendants, all to PLAINTIFF's damage in a sum within the jurisdiction of this Court, to be ascertained according to proof at trial.

19. The grossly reckless, careless, negligent, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action entitles PLAINTIFF to punitive damages against Defendants in an amount within the jurisdiction of this Court, to be ascertained by the fact finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of Defendants to others. In doing the acts herein alleged, Defendants

acted with oppression, fraud, malice, and/or in conscious disregard of the rights of PLAINTIFF, and PLAINTIFF is therefore entitled to punitive damages according to proof at trial. Defendants' conduct described herein was engaged in by managing agents for Defendants and/or ratified by managing agents.

20. PLAINTIFF has incurred, and continues to incur, attorneys' fees and legal expenses in an amount according to proof at the time of trial, and seeks the same pursuant to California Code of Civil Procedure section 1021.5, Government Code section 12965, or as otherwise permitted by law.

**SECOND CAUSE OF ACTION**
**SEX DISCRIMINATION**
**(AS AGAINST ALL DEFENDANTS and DOES 1-10, INCLUSIVE)**

21. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

22. At all times relevant to this Complaint, the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on Defendants.

23. Under California Government Code Sections 12926, 12940, 12945, and 12944, discrimination because of pregnancy constitutes discrimination because of sex. Defendants knew of PLAINTIFF's pregnancy and violated California Government section 12940, *et seq.*, by discriminating against PLAINTIFF on the basis of her pregnancy, and thus on the basis of her sex.

24. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, PLAINTIFF has suffered severe emotional distress, medical expenses, and substantial losses in salary and benefits which PLAINTIFF would have received from Defendants, all to PLAINTIFF's damage in a sum within the jurisdiction of this Court, to be ascertained according to proof at trial.

25. The grossly reckless, careless, negligent, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action entitles PLAINTIFF to punitive damages against Defendants in an amount within the jurisdiction of this Court, to be ascertained by the fact

finder, that is sufficiently high to punish Defendants, deter them from engaging in such conduct again, and to make an example of Defendants to others. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and/or in conscious disregard of the rights of PLAINTIFF, and PLAINTIFF is therefore entitled to punitive damages according to proof at trial. Defendants' conduct described herein was engaged in by managing agents for Defendants and/or ratified by managing agents.

26.     PLAINTIFF has incurred, and continues to incur, attorneys' fees and legal expenses in an amount according to proof at the time of trial, and seeks the same pursuant to California Code of Civil Procedure section 1021.5, Government Code section 12965, or as otherwise permitted by law.

**THIRD CAUSE OF ACTION**
**FAILURE TO PREVENT**
**(AS AGAINST ALL DEFENDANTS and DOES 1-10, INCLUSIVE)**

27.     PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28.     Defendants, and each of them, failed to take all reasonable steps necessary to prevent pregnancy and sex discrimination from occurring with respect to PLAINTIFF.  As a result, PLAINTIFF was terminated and damaged in an amount in excess of the jurisdictional requirement of this Court.

29.     Such failure by Defendants, and each of them, constitutes a violation of law and was a substantial factor in causing damage and injury to PLAINTIFF as generally described herein and as will be proven at trial.

30.     As a direct, foreseeable, and proximate result of said wrongful conduct by Defendants, and each of them, PLAINTIFF has suffered and continues to suffer substantial losses in earnings and job benefits, along with other incidental and consequential damages and losses, and have suffered humiliation, extreme and severe mental anguish, emotional distress normally associated with such discrimination, and pain and suffering, among other damages. PLAINTIFF is therefore entitled to general and compensatory damages in an amount to be proven at trial.

1  31.  As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, and each of them, PLAINTIFF has suffered and will continue to suffer loss of reputation, goodwill, and standing in the industry in which Plaintiffs worked, thus precluding or diminishing PLAINTIFF's opportunities for employment in the industry, all to PLAINTIFF's damages in an amount to be proven at time of trial.

32.  The conduct of Defendants, and each of them, constitutes outrageous conduct, was done willfully, with oppression or malice, and/or with a conscious disregard for Plaintiffs' right to be free from disability-based harassment and discrimination, with the intent, design, purpose and/or result of injuring PLAINTIFF. By reason thereof, PLAINTIFF is entitled to punitive and exemplary damages from Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

33.  PLAINTIFF has incurred, and continues to incur, attorneys' fees and legal expenses in an amount according to proof at the time of trial, and seeks the same pursuant to California Code of Civil Procedure section 1021.5, Government Code section 12965, or as otherwise permitted by law.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE)**

34.  PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35.  The conduct complained of herein above was outside the conduct expected to exist in society, was intentional and malicious and done for the purpose of causing PLAINTIFF to suffer humiliation, mental anguish, and emotional and physical distress. Defendants, and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that PLAINTIFF's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to PLAINTIFF.

36.  As a proximate result of Defendants,' and each of their, intentional infliction of emotional distress as hereinabove alleged, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and

health. As a result of said distress and consequent harm, PLAINTIFF has suffered such damages in an amount in accordance with proof at time of trial.

37. Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of PLAINTIFF's rights and safety, and thereby entitling PLAINTIFF to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively and with reckless disregard of PLAINTIFF's rights and safety, and thereby entitling PLAINTIFF to an award of punitive damages.

38. Defendants' intentional infliction of emotional distress was a substantial factor in causing PLAINTIFF harm. PLAINTIFF has been damaged in an amount in excess of the jurisdictional limits of this Court.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE)**

39. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40. In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent and PLAINTIFF is thereby entitled to general damages for the negligent infliction of emotional distress.

41. Defendants' negligent infliction of emotional distress was a substantial factor in causing PLAINTIFF harm. PLAINTIFF has been damaged in an amount in excess of the jurisdictional limits of this Court.

**SIXTH CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE)**

42. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. PLAINTIFF and Defendants entered into a written and oral agreement regarding

PLAINTIFF's employment, which began in 2016.

44. PLAINTIFF performed all conditions precedent to Defendants' performance of their obligations under the employment agreement.

45. The law imposes and imposed certain duties on Defendants in connection with the employing agreement, to act fairly and in good faith towards PLAINTIFF. Defendants covenanted to refrain from any act which would prevent or impede any of the conditions of the employing agreement from being performed.

46. Defendants breached these duties imposed by law in connection with the employment agreement by failing to adequately protect confidential information, for falsely representing to others that PLAINTIFF was in violation of Defendants' policies and/or procedures, among other things, all without cause and/or in bad faith or with no reasonable basis upon which to believe such statement(s) to be true.

47. PLAINTIFF suffered damages caused by these Defendants' wrongful acts in excess of the jurisdictional requirements of this Court, subject to proof at trial.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT FEHA VIOLATIONS
### (AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE)

48. This cause of action is brought pursuant to FEHA, including, but not limited to, Government Code § 12940 (k).

### EIGHTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES – BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.
### [AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE]

49. PLAINTIFF realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50. PLAINTIFF brings this action under the provisions of the Business & Professions Code §§17200 et seq. as she is among the persons adversely affected by the unfair business practices of Defendants as alleged herein, namely an employee who did not receive the benefit of the Fair Employment & Housing Act and the protections it affords California employees.

51. An action pursuant to Business & Professions Code §§17200, et seq. is appropriate and necessary because Defendants discriminated against PLAINTIFF on the basis of pregnancy/sex as a general business practice, and a practice that is contrary to the law of the State of California.

59. Business & Professions Code §§17200 et seq. defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice. Defendants' failure to abode by the Fair Employment & Housing Act, constitutes an unfair, unlawful and deceptive business practice.

60. Business & Professions Code §17208 provides that an action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued and this action has been so filed.

## NINTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## [AS AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE]

61. PLAINTIFF alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62. DEFENDANT TESLA INC.'s termination of PLAINTIFF was in violation of law and wrongful.

64. As a direct, foreseeable, and proximate result of their unlawful termination by DEFENDANT TESLA INC, and all DEFENDANTS, PLAINTIFF has suffered and continues to suffer substantial losses in earnings and job benefits, along with other incidental and consequential damages and losses, and has suffered humiliation, extreme and severe mental anguish, emotional distress normally associated with being subjected to the conduct alleged herein, among other damages. PLAINTIFF is therefore entitled to general and compensatory damages in an amount to be proven at trial.

65. As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, and each of them, PLAINTIFF has suffered and will continue to suffer losses of reputation, goodwill, and standing in the industry in which PLAINTIFF worked, thus precluding or diminishing PLAINTIFF's opportunities for employment in the industry, all to PLAINTIFF's damage in an amount to be proven at time of trial.

66. The conduct of Defendants, and each of them, constitutes outrageous conduct, was done willfully, with oppression or malice, and/or with a conscious disregard for PLAINTIFF's right to be free from unlawful retaliation, with the intent, design, and purpose of injuring PLAINTIFF. By reason thereof, PLAINTIFF is entitled to punitive and exemplary damages from Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

67. PLAINTIFF seeks a $10,000 civil penalty pursuant to California Labor Code section 1102.5(f), in addition to all other damages she is entitled to pursue by law.

**WHEREFORE, PLAINTIFF** prays for judgment as appropriate under the applicable law, statute, regulation(s), and/or applicable wage order(s), for each cause of action, as follows:

1. For special and general damages, according to proof;
2. Interest pursuant to Civil Code sections 3287 and/or 3288, or as otherwise permitted by law;
3. For past and future loss of income and benefits;
4. For emotional distress damages;
5. For Defendants, and each of them, to disgorge through restitution all ill-gotten and/or ill-gained profits, including unpaid wages, premiums and/or penalties, resulting from Defendants' and each of their, unfair business practices;
6. For costs of suit incurred herein;
7. For attorneys' fees and costs on all causes of action where fees are available by law;
8. For punitive damages;
9. For prejudgment and post-judgment interest as available by law; and
10. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial.

DATED: March 24, 2023        ADAMS LAW

BY: _____
CHRISTINE M. ADAMS
COUNSEL FOR PLAINTIFF

11

COMPLAINT